# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6113 | **DATE** | March 16, 2012 |
| **CASE TITLE** | Larry Banks (2011-0711085) vs. Cook County Municipality, et al | | |

**DOCKET ENTRY TEXT**

Pursuant to Plaintiff Reginald Brewer's letter stating that he no longer wants to pursue this suit [9], Brewer is dismissed as a Plaintiff. *See* Fed. R. Civ. P. 41(a). The amended complaint and second amended complaint filed by Plaintiff Larry Banks [15, 22], who paid the $350 filing fee, are dismissed without prejudice to Banks submitting another proposed amended complaint in accordance with this order. Banks is given until 4/16/12 to do so. His failure to comply with this order will result in the dismissal of this case. Banks' motion to file his amended complaint after the 12/9/11 deadline for that complaint [10] is granted. His motions for a status of this case [19, 21] are denied; this order, however, should provide Banks with the information he requests. The Clerk shall send Banks another amended complaint form.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    This case began with a filed complaint jointly filed by two Cook County Jail inmates, Larry Maurice Banks and Reginald Brewer. Banks, a frequent filer who has received at least three strikes under 28 U.S.C. § 1915(g), submitted an *in forma pauperis* ("IFP") application, while Brewer submitted none. In its initial review order of November 14, 2011, the Court denied Banks' IFP application, directed him to pay the $350 filing fee, and directed Brewer to either pay the filing fee or submit a completed IFP application. The Court also determined that the complaint did not sufficiently state valid claims and dismissed it without prejudice to the filing of an amended complaint. Since the entry of that order, Brewer has notified the court by letter that he does not want to pursue this case. He is therefore dismissed as a Plaintiff in this case. *See* Fed. R. Civ. P. 41(a).
    Banks has paid the $350 filing fee and has submitted two amended complaints. The Court has reviewed both complaints as required by 28 U.S.C. § 1915A. Neither of them is sufficient.
    Banks's amended complaint filed in January 2012 (#15) asserts three counts, each alleging several claims, and lists ten defendants: Cook County, Mabel Lesley, Commander Franko, Sheriff Tom Dart, former Director Salvador Godinez, Superintendent Bartlen, Commander Tate, John Mueller, Psychologist Gomez, and Psych Worker Albert. Count one raises issues with two disciplinary proceedings in July 2011 and November 2011. Banks states that he was sentenced to segregation in July without a disciplinary hearing and, with respect to the November proceedings, that was not given a copy of the ticket to sign and not given the opportunity to call witnesses or submit evidence at the disciplinary hearing. The only Defendant mentioned for count one is Commander Franko, who wrote the November 2011 ticket. Count two alleges that Banks has been denied library access by Commander Franko, Commander Tate, John Mueller, Tom Dart, and Superintendent Bartlen. Citing an incident where he could not access legal materials in segregation to file a complaint against Franko for threatening him, Banks contends that there is a policy to place inmates needing psychological care in segregation to keep them from the jail's library to prevent them from filing claims. Count three alleges that Banks has received insufficient treatment for his mental illness and that Commander Franko instructed Psychologist Gomez and Psych Unit Worker Albert to ignore Banks's need for treatment and to simply send him to segregation. Count three also includes an allegation that

**STATEMENT**

Franko placed Banks in segregation because he is Muslim and refused to remove his kufi and because he had filed numerous grievances about inmates' denied library access.

Banks's March 2012 amended complaint lists fewer Defendants (Franko, Dart, Godinez, Mueller, Gomez, and Albert) and slightly narrows his claims. Banks alleges that proper procedures were not followed with his July 2011 and November 2011 disciplinary proceedings, that mentally ill inmates are entitled to have a member of the jail's mental health personnel sit on the disciplinary board, and that mentally ill inmates receive inadequate treatment. However, unlike Banks' prior complaints, this one does not set forth how each Defendant is related to each claim, as Banks mainly asserts general objections to disciplinary proceedings and the lack of mental health treatment.

Neither of Banks's 2012 amended complaints can proceed. As instructed by *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "buckshot" complaints by inmates, in which unrelated claims are alleged against multiple parties, should be rejected. "Multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. "Unrelated claims against different defendants belong in different suits." *Id*. Claims are considered related for purpose of joinder when they involve "the same transaction, occurrence, or series of transactions or occurrences" or involve common issues of law or fact. Fed. R. Civ. P. 20(a)(2); *see also George*, 507 F.3d at 607; *Huynh v. Rivera*, No. 10 C 194, 2010 WL 5676268, at *8 (N.D. Ill. Jan. 31, 2010) (Dow, J.).

Banks' multi-claim complaints against either six or ten Defendants cannot proceed. His claims of violations connected with two disciplinary proceedings, denial of access to the library, and inadequate treatment for his mental health condition are not related, as they do not arise out of the same series of transactions or occurrences and do not involve common issues of law or fact. Banks may assert unrelated claims against a single Defendant, such as Commander Franko, who appears associated with several claims. *See* Fed. R. Civ. P. 18(a). But, he cannot include Franko in the description of each set of claims simply to broaden the allegations to general policy claims involving multiple defendants. *See George*, 507 F.3d at 607 (a plaintiff should show that the defendants "participated in the same transaction or series of transactions or that a question of fact is 'common to all defendants'") (citation omitted).

Accordingly, the amended complaints are dismissed. If Banks wants to proceed with this case, he needs to submit another amended complaint. Given that several of Banks's claims appear to begin with specific acts by Commander Franko (the failure to give Banks a copy of a disciplinary ticket, threatening to kill Banks, directing psychological staff to send him to segregation, and disciplining Banks for wearing a Kufi), one approach might be for Banks to name as a defendant in this case only Franko and assert against Franko whatever claims Banks has against him. This likely would avoid the problem discussed in *George*, 507 F.3d at 607, and should better focus Banks's claims. The Court advises Banks that the repeated filing of complaints that do not comply with *George* or that cannot proceed for other reasons will result in the dismissal of this case. *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993) ('[c]ourts need not accept amended pleadings if they fail to cure the defects of the original . . . [and] repleading would be futile"); *see also Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) ("at some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit").