Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6113 | **DATE** | May 15, 2012 |
| **CASE TITLE** | Larry M. Banks (2011-0711085) vs. Cook County Municipality, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [#24] is stricken. The Clerk is directed to enter judgment dismissing the case for noncompliance with the Court's prior orders and for failure to exhaust administrative remedies prior to filing suit.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Larry Maurice Banks, currently incarcerated at the Cook County Jail, filed this suit in September 2011 along with another inmate, Reginald Brewer. They alleged problems using the jail's library and obtaining assistance from the librarian. Banks also contended, or at least included grievances stating, that he was unable to obtain Halal or Kosher meals. The Court noted deficiencies with the filing fees for both Plaintiffs (Brewer neither paid nor submitted an *in forma pauperis* application; Banks, having received at least three strikes under 28 § 1915(g), had to pay the filing fee). The Court also requested that the Plaintiffs file separate suits and instructed Banks that he should not submit materials that did not pertain to this suit.

     Brewer voluntarily dismissed his claims. Banks paid the $350 filing fee and submitted an amended complaint, naming ten Defendants and asserting three sets of claims (due process violations with two disciplinary proceedings in July and November 2011, denied library access for inmates with mental health issues, and deliberate indifference to his mental health needs). The Court entered an order directing Banks to narrow the number of Defendants and claims. The Court further noted that all of Banks's claims seemed to stem from various actions by one Defendant, Commander Franko. The Court thus recommended that his next complaint focus his claims against this Defendant.

     Banks has now filed a proposed second amended complaint. Naming as Defendants Superintendent Bratlen and, for the first time, Sergeant Calvin, Banks alleges that his unit was placed on lockdown from February 3 to 7, 2012. Banks submitted grievances to the Defendants about the lockdown but received no response. On February 12, 2012, Bratlen came to Banks' unit and announced that everyone was on lockdown because of Banks. Allegedly, his entire unit was written up for threats and intimidation (more specifically, destroying audio and video equipment); however, Banks states that he never received a copy of the ticket. Banks contends that he was not allowed to call witnesses and he did not have an advocate to inform the disciplinary hearing officers that he was on psychotropic medication. Banks further alleges that Sergeant Calvin heard all of the pretrial detainees' tickets on February 7, and found everyone guilty, fining everyone to a $75.00 restriction. Banks and other detainees sought to appeal, and Banks submitted 38 or 48 appeals, which Bratlen allegedly ignored. Banks contends that his due process rights were violated and that he and other inmates were unfairly disciplined and placed on lockdown.

     Banks cannot proceed on this complaint, for several reasons, and it is now clear that this case must be dismissed. Banks seeks to raise new claims that are separate and distinct from his prior complaints in this case. As the Court recently explained to Banks in another case, if he seeks to raise new claims, he must file a new lawsuit. *Banks v. Emanuel*, No. 12 C 2341 (Order of 5/4/12) (Kennelly, J.), citing *United States v. Antonelli*, 371 F.3d 360, 362 (7th Cir. 2004) (prisoner could not evade the Prison Litigation Reform Act's mandates by filing motion under

| STATEMENT |
|---|

criminal case number as opposed to filing a new civil action); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (per curiam) ("Prisoners who play games to avoid the PLRA should not expect courts to cooperate."); *see also Marion v. Columbia Correctional Institution*, 2007 WL 5346872, No. 07 C 243 (W.D. Wisc. June 18, 2007) (Crabb, J.) (holding that a prisoner must file a new lawsuit for an unrelated claim from a previous suit); *McCord v. Bertrand*, 2005 WL 752250, No. 05 C 68, (W.D. Wisc. March 29, 2005) (Crabb, J.) (prisoner that sought to raise new claims against new defendants had to file a new lawsuit). Accordingly, the Court dismisses the second amended complaint.

Additionally, Banks' current complaint concerns events that occurred in February 2012, after the case was filed. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006). Section 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A plaintiff cannot exhaust administrative remedies while his suit is pending. *Id.* As the Seventh Circuit commented in a case in which a plaintiff was allowed to amend a pending suit with claims that arose and were exhausted after the suit was filed, "the district court could have denied [the plaintiff] leave to add the claims . . . as unduly delayed or as a bad faith attempt to avoid paying a new filing fee by adding unrelated claims to his original lawsuit instead of initiating a new action." *Cannon v. Washington*, 418 F.3d 714, 720 (7th Cir. 2005). In this case, Banks does not seek to amend with *related* claims that arose after he initiated this suit. Rather, he seeks to bring a whole new suit *unrelated* to the claims that were presented in his two prior complaints in this case. This sort of tactic, which Banks has employed in other cases, *see Banks v. Emanual*, No. 12 C 2341, is not allowed. He has demonstrated a pattern of not simply being litigious, but filing complaints based upon whatever his current issues are, as opposed to focusing on the claims originally presented.

For the reasons stated above, Banks' second amended complaint is stricken. The Court will not give Banks an additional opportunity to amend his complaint. Not only would this be futile, *see Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), but "[d]espite receiving express directions about what [Banks] had to do, [he] did not do it. At some point the train of opportunities ends." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). The case is dismissed due to plaintiff's noncompliance with the Court's orders and for failure to exhaust administrative remedies.